**DLA PIPER LLP (US)**
ANDREW R. ESCOBAR (State Bar No. 248242)
701 Fifth Avenue, Suite 7000
Seattle, Washington 98104
Tel: 206.839.4800
Fax: 206.839.4801

BEN GIPSON (State Bar No. 222830)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067
Tel: 310.595.3000
Fax: 310.595.3300

Attorneys for Defendant
Curt Beardsley

MICHAEL G. KING (State Bar No. 145477)
THOMAS H. CASE (State Bar No. 116660)
**HENNELLY & GROSSFELD LLP**
4640 Admiralty Way, Suite 850
Marina del Rey, California 90292
Tel: 310.305.2100
Fax: 310.305.2116

Attorneys for Plaintiff,
MOVE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOVE, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>Curt Beardsley, an individual, and DOES 1-10 inclusive,<br><br>Defendants. | Case No.  2:14-CV-09893-DSF-E<br><br>Assigned to:  Hon. Dale S. Fischer<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

PROTECTIVE ORDER - 1

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044  Tel: 206.839.4800

# [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, to facilitate the production and receipt of information during discovery in the above-captioned litigation ("the Litigation"), Move, Inc. and Curt Beardsley (the "parties") agree and stipulate, through their respective counsel, to the entry of the following Protective Order (the "Order") for the protection of documents and information that may be produced or otherwise disclosed during the course of this Litigation by any party or non-party. The Court has been fully advised in the premises and has found good cause for its entry.

IT IS HEREBY ORDERED that the parties shall follow the procedures set forth below with respect to information, documents or things produced, or otherwise disclosed by any party or third party in this litigation:

1. **Scope.** This Order shall be applicable to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, and other information which the disclosing party designates as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" hereafter furnished, directly or indirectly, by or on behalf of any party or any non-party witness or third party in connection with this action. As used herein, "Disclosing Party" or "Producing Party" shall refer to the parties to this action or to any third parties who give testimony or produce documents or other information, "Receiving Party" shall refer to the parties to this action or to any third parties who receive documents or other information, and "Designating Party" shall refer to the parties in this action who determine that documents, information, or tangible items shall be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY.

2. **Duration:** Upon the signing of this Order by the Court, this Order shall apply as of the effective date and retroactively to all protected material produced in this litigation. The Parties agree to abide by the terms of this Order

1 prior to its approval by the Court and whether or not it is ultimately approved by
2 the Court.

    a. <u>Effectiveness After Termination of Litigation</u>: Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

    b. <u>Jurisdiction</u>: This Court shall have jurisdiction to enforce the terms of this Order for a period of six months after final termination of the lawsuit.

  3. **Confidential Material**: For purposes of this Order, Confidential Material is any information that a party believes in good faith to be confidential or sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, commercial, or personal information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G) or the former Rule 26(c)(7).

  4. **Designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Material**: Documents, information, or tangible items shall be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY (collectively "Confidential Information") within the meaning of this Order in the following ways:

    a. In the case of documents and the information contained therein, by placing on the document the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page containing information to which the designation applies (or in the case of computer medium, on the medium and its label and/or cover). To the extent practical, the legend shall be placed near the Bates number identifying the material. If a document has more than one

designation, the more restrictive or higher confidential designation applies;

b. In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

5. **Duty to Designate Certain Information Confidential**: Each party agrees that it may mark as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" its own materials, and will mark as CONFIDENTIAL or ATTORNEYS' EYES ONLY another party's materials containing information protected by a written non-disclosure or confidentiality agreement, information protected from disclosure by any state or federal securities law or regulation, and information protected from disclosure by any court order.

6. **Designating Materials Produced by Another Party**: If a party produces or files a document or materials without designating them CONFIDENTIAL or ATTORNEYS' EYES ONLY, any other party may, within 30 days of the documents being produced or filed, designate them as Confidential Information.

7. **Access to Confidential Information Limited**: With respect to all documents, information, or tangible items, produced or furnished by any party or third party during this litigation, which are designated as Confidential Information by the Producing Party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of the Protective Order. The recipient of any documents, information, or tangible items that are designated as Confidential Information under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to

the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

8. **Withdrawal of Designation**: If it comes to a Designating Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

9. **Depositions**: If, in the course of this proceeding, depositions are conducted which involve Confidential Information, counsel for witness or the Producing Party may designate, on the record, the portion of the deposition which counsel believes may contain confidential information. The Producing Party shall have until fourteen (14) days after receipt of the final deposition transcript within which to inform the parties to the action of the portions and the deposition court reporter of the portion of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. Unless otherwise agreed by counsel, the right to make such designation shall be waived unless made within the fourteen (14) day period. Prior to such designation, or expiration of the fourteen (14) day period, the entire deposition transcript shall be deemed Confidential Information. Transcripts of testimony, or portions thereof, or documents containing the CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be filed only under seal as described in Paragraph 19, until further order of the Court.

10. **Persons Allowed Access to "ATTORNEYS' EYES ONLY" Material**: Except as permitted by further order of this Court or by subsequent written agreement of the Producing Party, and subject to Paragraph 15 below, disclosure of ATTORNEYS' EYES ONLY documents or information, including summaries thereof, but not including documents with the confidential portions redacted, shall be limited to:

a. The parties' counsel of record or specifically identified outside counsel, associate attorneys, and paralegals and clerical employees working directly with such counsel on this litigation;

b. This Court;

c. Consultants or experts retained by the parties to consult or testify in the case, subject to the terms and conditions of Paragraph 15;

d. Any person that a document, on its face, indicates has previously seen, or has been sent the confidential information, such as authors, drafters, recipients, and copyholders of the documents or information; and

e. Court reporters performing necessary duties in this action, upon executing the form attached hereto as Exhibit A.

f. The parties also agree that Move and Mr. Beardsley may each access their own information and documents, which they collected and/or produced in the related lawsuit filed in King County Superior Court: *Move, Inc. v. Zillow, Inc.*, Case No. 14-2-07669-0 SEA (the "Washington Action"). The parties also specifically agree that the parties may use the above materials for purposes of this lawsuit, subject to evidentiary objections.

11. **Persons Allowed Access to "CONFIDENTIAL" Information**: Disclosure of information designated as CONFIDENTIAL, including summaries thereof, shall, subject to Paragraphs 13–14 below, be limited to: (a) the person and entities identified in Paragraph 10; (b) in-house counsel (including their paralegals and clerical staff); and (c) witnesses and prospective witnesses to the extent deemed necessary by counsel to prepare for or give testimony regarding facts at issue in this litigation, or to assist counsel in performing work in this litigation. Disclosure of Confidential Information to any expert or consultant shall be limited to that Confidential Information necessary for the witness's

preparation to testify. Witnesses who are provided or shown documents or materials constituting or containing Confidential Information shall not be permitted to retain such documents or materials. The parties also agree that Move and Mr. Beardsley may each access their own information and documents, which they collected and/or produced in the Washington Action. The parties also specifically agree that the parties may use the above materials for purposes of this lawsuit, subject to evidentiary objections.

12. **Production of Materials Designated "ATTORNEYS EYES ONLY" and "OUTSIDE COUNSEL EYES ONLY" Pursuant to the Washington Protective Order:** The parties to this Protective Order are also parties in the Washington Action, which is subject to a separate Protective Order Re Confidential Information (the "Washington Protective Order"). If the parties to this Protective Order propose to produce or use documents subject to the Washington Protective Order that have been designated by either party as "Attorneys Eyes Only" or "Outside Counsel Eyes Only" pursuant to the Washington Protective Order, then before being produced or used in the present case, the document shall be produced to opposing counsel for review. The parties shall make a good faith attempt to resolve any dispute regarding whether the document may be produced or used in the present litigation, subject to any appropriate designation under this Protective Order. If the parties cannot reach agreement, they agree to abide by the decision of the court.

13. **Procedure for Disclosures to Consultants and Experts:** Before disclosure of any information subject to this Protective Order is made to any consultant or expert retained by any party, counsel for the party disclosing the information shall obtain a written affidavit or declaration, in the form attached hereto as Exhibit A, from each consultant or expert to whom disclosure is to be made, acknowledging that any document, information, or tangible item that has been designated as confidential is subject to this Protective Order, that the person

has read this Protective Order, and that such person agrees to comply with and be bound by this Protective Order. The affidavits or declarations shall be provided to counsel for the Producing Party ten (10) business days in advance of the first disclosure of any confidential information to such person. If no objection is made to such person receiving Confidential Information within such ten (10) business day period, then Confidential Information may be disclosed to such person. If objection is made, then the party seeking to disclose such information may bring the Court the question of whether the particular Confidential Information may be disclosed to such person, and the party requesting such disclosure shall have the burden of establishing before the Court the necessity for such disclosure. All signed affidavits and declarations shall be maintained through the conclusion of this action. Confidential Information received by any of the persons in the above-enumerated categories shall be used only for purposes of this litigation and for no other purpose. If a Producing Party in good faith believes that a consultant or expert is a competitor (or an employee of a competitor) of the Producing Party, then the Producing Party, within seven (7) days following the disclosure to its counsel of the consultant's or expert's affidavit or declaration, may request the Receiving Party to provide a curriculum vitae of the person together with the following information:

    a.    business address;

    b.    business title;

    c.    business or profession;

    d.    any previous or current relationship (personal or professional) with any of the parties; and

    e.    a listing of other cases in which the individual has testified (at trial or deposition), and all companies for which the individual has consulted or been employed by, within the past four (4) years.

14. **Procedure for Disclosures to Employees, Officers, and Directors**: If it becomes necessary for counsel for Move to disclose Confidential Information to an employee, officer, or director of the party to maintain, defend, or evaluate this litigation, counsel for Move shall obtain a written affidavit or declaration, in the form attached hereto as Exhibit A, from each such person to whom disclosure is to be made, acknowledging that any document, information, or tangible item that has been designated as confidential is subject to this Protective Order, that the person has read this Protective Order, and that such person agrees to comply with and be bound by this Protective Order. The party's counsel shall retain such affidavit or declaration for the duration of the litigation, but need not disclose it to the counsel for the Producing Party absent further agreement or a court order.

15. **Procedure for Disclosures to Other Persons**: If it becomes necessary for counsel for a party receiving ATTORNEYS' EYES ONLY information to seek the assistance of any other person, other than those referred to in Paragraph 10(a–f), such as an employee of the Receiving Party, and to disclose ATTORNEYS' EYES ONLY information to such person in order to properly prepare this litigation for trial, the following procedures shall be employed:

   a. Counsel for the Receiving Party shall notify, in writing, counsel for the Producing Party of their desire to disclose such ATTORNEYS' EYES ONLY information and shall identify the person(s) to whom they intend to make disclosure;

   b. If no objection to such disclosure is made by counsel for the Producing Party within ten (10) business days of receipt of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided however, that counsel for the Receiving Party shall serve upon counsel for the Producing Party, prior to disclosure, an affidavit or declaration in the

form attached hereto as Exhibit A, whereby such person agrees to comply with and be bound by this Protective Order;

c. If the Producing Party objects to such disclosure, the party wishing to make such disclosure may bring before the Court the question of whether the particular ATTORNEYS' EYES ONLY information can be disclosed to the designated person(s) and the party requesting such disclosure shall have the burden of establishing before the Court the necessity for such disclosure.

16. **Inadvertent Failure to Designate**: If, through inadvertence, the Producing Party provides any confidential information pursuant to this litigation without marking the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information, or provides any information subject to a claim of attorney-client privilege, attorney work product, or other privilege or immunity, the Producing Party may inform the Receiving Party of the CONFIDENTIAL or ATTORNEYS' EYES ONLY or privileged or immune nature of the disclosed information, and the Receiving Party shall, as applicable, treat the disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information under this Protective Order, and shall return all copies of asserted privilege or immune documents (and destroy all summaries of same) within five (5) business days of receipt of written notice from the Producing Party, and to the extent the Receiving Party has already disclosed this information, the Receiving Party shall promptly notify the Producing Party as to the specific recipients of such information and shall take all reasonable steps to remove such information from said recipients unless, with respect to CONFIDENTIAL and ATTORNEYS' EYES ONLY information, they are otherwise entitled to disclosure under this Protective Order.

17. **Unauthorized Disclosures**: If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the person

1 responsible for the disclosure must immediately bring all pertinent facts relating
2 to such disclosure to the attention of counsel for the Producing Party and, without
3 prejudice to any other rights and remedies of the parties, make every effort to
4 prevent further disclosure by it or by the person who was the recipient of such
5 information.

6     **18.**   **<u>Use of Materials Limited to This Litigation and the Washington
7 Action</u>**: No person or party shall directly or indirectly utilize or disclose any
8 CONFIDENTIAL or ATTORNEYS' EYES ONLY information obtained
9 pursuant to pretrial discovery in this action, except for the purpose of this action
10 and the Washington Action and any subsequent appeals and retrials.

11     **19.**   **<u>Filing Under Seal</u>**: Without written permission from the Producing
12 Party or a court order, a party may not file in the public record in this action any
13 Confidential Material. The parties shall comply with Central District of
14 California Local Rule 79-5.1 when seeking to file Confidential Material under
15 seal. The party desiring to place any Confidential Material before the Court shall
16 lodge the information in a sealed envelope, along with an application to file the
17 papers or the portion thereof containing Confidential Material under seal and a
18 copy of a Proposed Order Sealing Documents. Said envelope shall be endorsed
19 with the title of the Litigation, an indication of the nature of the contents of such
20 sealed envelope, the identity of the party filing the materials, the phrase
21 "Confidential Material" and a statement substantially in the following form:

22     THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A
23     PROTECTIVE ORDER ENTERED IN THIS LITIGATION. IT IS
    NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE
24     DISPLAYED, REVEALED, OR MADE PUBLIC, EXCEPT BY
25     ORDER OF THE COURT. UNLESS THE COURT ORDERS
    THAT IT NOT BE FILED, IT SHALL BE FILED UNDER SEAL.
26
27
28

PROTECTIVE ORDER - 11

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 Tel: 206.839.4800

20. **Challenging CONFIDENTIAL and ATTORNEYS EYES ONLY Designations**:

    a. <u>Meet and Confer Requirement</u>: A party that elects to initiate a challenge to a Designating Party's CONFIDENTIAL or ATTORNEYS' EYES ONLY designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging party must explain the basis for its belief that the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation was not proper and must give the Designating Party a reasonable opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    b. <u>Judicial Intervention</u>: A party that elects to press a challenge to a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation after considering the justification offered by the Designating Party may, pursuant to the rules of this Court (including local joint stipulation requirements), file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

c. <u>The burden of persuasion in any such challenge proceeding shall be on the Designating Party</u>: Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

21. **<u>Non-Waiver of Objections to Production</u>**: This Protective Order shall be without prejudice to the right of the Producing Party to oppose production of any information on the grounds other than confidentiality.

22. **<u>Further Proceedings</u>**: This Protective Order shall not prevent any party or third party from applying to the Court for relief therefrom, from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

23. **<u>Return of Materials</u>**: At the conclusion of this action, including any appeals, all CONFIDENTIAL information and all ATTORNEYS' EYES ONLY information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to counsel for the Producing Party, or, at the Producing Party's option, destroyed by counsel for the Receiving Party. Counsel for the parties shall inform counsel for the Producing Party no more than thirty (30) days after the case has been resolved, and counsel for the Producing Party shall have seven (7) days to inform the parties if they want the documents destroyed or returned. Upon receipt of said notice, counsel for the parties shall either destroy or return all documents within seven (7) days. The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, CONFIDENTIAL information and ATTORNEYS' EYES ONLY information produced hereunder shall continue to be binding after the conclusion of this action.

PROTECTIVE ORDER - 13

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 Tel: 206.839.4800

24. **Intentional Violations**: An intentional and knowing violation of the terms of this Order shall be treated as contempt of Court and punished as such.

**IT IS SO STIPULATED**

Respectfully submitted this 5th day of August 2015.

**DLA PIPER LLP (US)**
By: /s/ Andrew R. Escobar
ANDREW ESCOBAR
BEN GIPSON
Attorneys for Defendant
Curt Beardsley

**HENNELLY & GROSSFELD LLP**

By: /s/ Thomas H. Case (with permission)
MICHAEL G. KING
THOMAS H. CASE
Attorneys for Plaintiff
Move, Inc.

This Stipulated Protective Order of the parties is hereby approved.
**SO ORDERED AND SIGNED** this 5th day of August 2015.

Hon. ~~Dale S. Fischer~~ Charles F. Eick
United States District Court
Central District of California

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____[print or type full address]_____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California, on _____ in the case of *Move, Inc. v. Beardsley*, Case No. 2:14-CV-09893-DSF-E. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

_____
Date

_____
City and State where sworn and signed

_____
Printed name

_____
Signature

WEST\259024994.1

PROTECTIVE ORDER - 15

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 Tel: 206.839.4800